The **COMMONWEALTH OF PUERTO RICO on its own behalf, and as Public Trustee and as Parens Patriae for the Citizens of the Commonwealth, the Environmental Quality Board of the Commonwealth of Puerto Rico and the Department of Natural Resources of the Commonwealth of Puerto Rico, Plaintiffs,**

v.

The **M/V EMILY S and the Barge Morris J. Berman, in rem; Metlife Capital Corporation, Peter Frank, Bunker Group Puerto Rico, Inc., Bunker Group, Inc.; Park Lane Associates, Pedro Rivera, New England Marine Services, Inc., ABC Insurance Company and DEF Insurance Company in personam, Defendants.**

**Yaacov EISAK, Intervening Plaintiff,**

**Raul Horta–Gonzalez, Diega Castillo–Hernandez, Adolfo Arnau–Sanchez, Rosa Alday–de–Arnau, Mari Rodriguez–Herrero, Lilian Rodriguez–Herrero, Maite Maldonado–Hernandez, Margarita Rivera–Marrero, Antonio Rodriguez–Rodriguez, Martina Espirio–Rosario, Fernando Biascochea, Lucia Polanco–Martinez, Rafaela Castillo–de–Paula, Pedro Umpierre, Hector Sanfelis, Eddie Mejias, Rogelio Gonzalez, Ucrania Martinez–Polanco, Jacinta Acosta–Alcequiez, Isabel Martinez–de–la–Cruz, Eduardo Feliz–Reyes, Juan Valerio Florio–Gonzalez, Maria Araya–Gonzalez, Daniel Nieves–Molina, Dulce Maria Contreras, Olivia Fernandez–Grullon, Jorge Espinosa, Cristina Barne, Maria A. Peña–Carrasco, Amalia Perez, Altagracia Lopez, and Jorge Luis Matos, Plaintiffs representative of proposed class,**

Cafe St. Elmo, Inc., Havana San Juan Corp., Oasis Restaurant, Inc., Eddie Mejias d/b/a Souvenir Shop, Individual Plaintiffs,

v.

The TUG EMILY S, and the Barge Morris J. Berman, Defendants in rem.

A. Clyde Pruitt; Emily S. Pruitt, Peter Frank; John Doe and/or Richard Doe; New England Marine Services, Inc.; Evelyn Berman Frank, Susan Frank; Jim Doe and/or Sam Doe; Standard Tank Co.; Peter Doe; Bunkers Group of Puerto Rico; Caribbean Petroleum Corporation; Jimmy Doe; Insurance Companies and/or P & I Clubs "A" through "J", Defendants in personam.

ESCAMBRON BEACH CLUB, INC., Plaintiff,

v.

M/V EMILY S, Barge Morris J. Berman, In rem; New England Marine Services, Inc., A. Clyde Pruitt; Emily S. Pruitt, Doe Company, Richard Roe, Defendants.

In the Matter of the Complaint of METLIFE CAPITAL CORPORATION, as owner of the Tub "Emily S," for Exoneration from or Limitation of Liability;

Elga GONZALEZ–MEJIAS and her son Johan Marquez–Gonzalez; Petra Velez–Gonzalez and her children; Reynaldo De–Jesus–Hernandez and his wife Altagracia Lozada–Otero and their conjugal partnership; Waldistrudi Guzman–Luciano and their children Jean O. Osorio–Guzman and Orlando Osorio–Guzman; Miguel Paez–de–Leon and his wife Neida Romano and their conjugal partnership and their children Lidio L. Paez–Romano, Ulisis Paez–Romano and Patricia Paez–Romano; Nereida Berrios Berrios and her husband Juan Arriaga and their conjugal partnership, Plaintiffs,

v.

The M/V EMILY S and the Barge Morris J. Berman, In rem; Metlife Capital Corporation Peter Frank, Bunker Group Puerto Rico, Inc., Bunker Group, Inc; Park Lane Associates, Pedro Rivera, New England Marine Services, Inc, ABC Insurance Company and DEF Insurance Company In personam, Defendants.

UNITED STATES of America, Plaintiff,

v.

METLIFE CAPITAL CORPORATION, INC., New England Marine Services, Inc., Bunker Group, Inc., Bunker Group Puerto Rico, Inc.; Caribbean Petroleum Corporation, Inc., Puerto Rico Operations, Inc.; Global Insurance Company, S.A., Utica Mutual Insurance Company; American Home Assurance Company Reliance National Insurance Company; The Travelers Insurance Company; Westchester Fire Insurance Company; Royal Insurance; Reliance Insurance Company Of New York; Royal Insurance Company of America; Continental Insurance Company; Certain Underwriters Through Insco Marine, Inc.; Certain Underwriters Through Insco Marine Property & Casualty Limited; Water Quality Insurance Syndicate; London & Hull Maritime Insurance Company, Ltd., Axa T A/C; Yorkshire Insurance Co., Ltd.; L A/C, Norwich Union Fire Ins. Society, Ltd. No. 1 A/C, Cornhill Insurance P/C D A/C Phoenix Assurance P/C Phoenix Assurance P/C LSA A/C, Zurich Re (UK) Ltd., Hansa Marine Insurance Company (UK) Ltd.; Prudential Assurance Company Ltd. Trust A/C No. 2, Sphere Drake Insurance Co. (UK) Ltd., Anglo American Insurance Company Limited, Defendants.

Nos. Civ. 94–1019CCC, Civ. 97–1047CCC, Civ. 94–1058CCC, Civ. 94–1919CCC, Civ. 95–1020CCC, Civ. 97–1020CCC.

United States District Court, D. Puerto Rico.

May 13, 1998.

Jose E. Alfaro–Delgado, Jose E. Alfaro, Law Office, San Juan, PR, for Metlife Capital Corp.

Fernando Compoamor–Sanchez, Mee Lon Lam, U.S. Dept. of Justice, Torts Branch Civil Div., Washington, DC, for U.S.

Jorge Carazo–Quotglas, Toledo Toledo & Carazo–Quotglas, Hato Rey, PR, for plaintiffs in civil 94–1047CCC.

William A. Graffam, Jimenez, Graffam & Lausell, San Juan, PR, for Bunker Group P.R., Bunker Group, Inc., New England, ME.

Jose A. Fuontos–Agestial, Atty. Gen., Dept. of Justice of PR, San Juan, PR, for Commonwealth of P.R.

John F. Novares, Smith & Novares, San Juan, PR, for cntdft.

Isabel Munoz–Acesta, U.S. Attorney's Office Dist. of P.R., Civil Div., Hato Rey, PR, for cntdft.

Eric M. Quotglas–Jordan, San Juan, PR, for clm.

Zygmunt Q. Slominski, Quaynahe, PR, for conpla.

## ORDER

CEREZO, Chief Judge.

The Court has before it the Motion for Partial Summary Judgment filed by Metlife Capital Corporation (MCC) (**docket entry 245**), in which, among the dispositive arguments raised, is that MCC cannot be considered a "responsible party" under the Oil Pollution Act, 33 U.S.C. §§ 2701, *et seq.* MCC bases its claim on the fact that no oil was discharged from the tug it owns, the M/V EMILY S, during the spill that occurred off Punta Escambrón in San Juan, Puerto Rico on January 7, 1994, and thus said tug was not a "discharging vessel" making her owner[1] a "responsible party" under the terms of the statute. The motion was opposed by the Commonwealth of Puerto Rico (**docket entry 305**), the United States of America, who cross-moved for summary judgment on this issue (**docket entry 308**), and plaintiffs in consolidated cases 94–1047(CCC), 94–1911(CCC) and 94–1917(CCC) (**docket entry 312**).

The relevant statutory provisions state:

Notwithstanding any other provision or rule of law, and subject to the provisions of

---

1. It should be noted that the tug, although owned by MCC, was bareboat chartered to Bunker Group, Inc. and New England Marine Services, Inc. on the date of the spill.

this chapter, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified ... that result from such incident.

33 U.S.C. § 2702(a).

(32) "responsible party" means the following:

(A) Vessels

In the case of a vessel, any person owning, operating, or demise chartering the vessel.

33 U.S.C. § 2701(32).

This last section has been interpreted as deviating from the well-entrenched rule of general maritime law that allows an owner of a vessel to insulate itself from liability for the acts of a vessel or her crew by bareboat or demise chartering the vessel to another party, as it imposes joint and several liability on each person owning, operating or demise chartering the vessel. *See* 3 *Benedict on Admiralty,* § 112, p. 9–18 (1997).

In their motions, the parties have framed the controversy essentially on whether the tug M/V EMILY S and the barge which it was towing the date of the spill, the MORRIS J. BERMAN, are separate vessels or a single unit. The issue is of utmost Importance, as in order to determine who classifies as the "responsible party" under 33 U.S.C. § 2701(32), a threshold determination is required of what constitutes the "discharging vessel" under 33 U.S.C. § 2702(a). The undisputed facts in this case are that the barge MORRIS J. BERMAN was a 'dumb' barge loaded with bunker # 6 oil on the date of the spill. The barge was unmanned and had no means of self-propulsion. The barge was, in fact, under the complete control of the tugboat M/V EMILY S and all navigational decisions concerning the barge were made by the crew of the M/V EMILY S.

Under this set of facts, it has been held before that "a tug is thus a necessary adjunct to a barge, and it seems natural to consider the two as a single entity." *In the Matter of Olympic Tug,* 1990 WL 166368, 1990 A.M.C.

1671 (W.D.Wash.1990). *See* also *The 'Civilta' and the 'Restless',* 103 U.S. 699, 701–02, 26 L.Ed. 599 (1880) (finding that a tug and the ship she was towing were one vessel); *see* analogous reasoning on factor of control as basis of liability of tug in *Sturgis v. Boyer,* 65 U.S. 110, 122, 24 How. 110, 16 L.Ed. 591 (1860).

The Court FINDS that the relationship between the tug M/V EMILY S and the tow MORRIS J. BERMAN in the particular circumstances of this case compel the conclusion that they were a single entity. Therefore, both the tug M/V EMILY S and the barge MORRIS J. BERMAN must be considered a "discharging vessel" under the terms of OPA, making the tug's owner, MCC, a "responsible party" for the oil spill.

Accordingly, MCC's request for partial summary judgment premised on it not being a "responsible party" under OPA is hereby DENIED. The United States' cross-motion for summary judgment on this issue is GRANTED.

As to the other arguments raised by MCC in its Motion for Partial Summary Judgment, the Court DENIES the request for dismissal of all unseaworthiness and negligence claims under general maritime law, as well as the request for dismissal of all claims raised under the Oil Pollution Act (OPA), 33 U.S.C. § 2701, *et seq.,* on grounds other than being a "responsible party" inasmuch as material issues of fact preclude the entry of summary judgment on these claims.

Finally, as to MCC's claim that OPA does not give rise to a maritime lien, an issue on which the United States has also cross-moved for partial summary judgment, the Court will issue its ruling by separate order.

SO ORDERED.